[No. 19804.   Department One.   February 17, 1926.]

THE STATE OF WASHINGTON, *on the Relation of C. T. Roscoe, Petitioner,* v. THE SUPERIOR COURT FOR SNOHOMISH COUNTY, *Guy C. Alston, Judge, Respondent.*[1]

[1] CRIMINAL LAW (332, 382)—VERDICT—RENDITION AND RECEPTION— RIGHT OF STATE TO REVIEW. Certiorari does not lie at the suit of the state to review the action of the trial court in receiving a verdict in a criminal case when all of the jurors were not present, where the state failed to exhaust its remedies before the trial by neglecting to move to set the verdict aside and grant a new trial, as authorized by Rem. Comp. Stat., § 2171.

Certiorari to review the action of the superior court for Snohomish county, Alston, J., on January 18, 1926, in receiving the verdict of a jury in a criminal prosecution. Writ denied.

*C. T. Roscoe* and *John C. Richards,* for relator.

*Joseph H. Smith,* for respondent.

HOLCOMB, J.—This is an original application for a writ of *certiorari* by the prosecuting attorney of Snohomish county, as relator, against the superior court of that county, Alston, Judge, praying that that court and judge be directed and required to return into this court all of the proceedings in the matter of the trial, and the receiving of a verdict in the case of State of Washington, as plaintiff, v. Dwight Dutcher, Margaret Tucker, Ole Evanson and Jim Adams, defendants, who were jointly prosecuted and tried on a charge of felony.

The petition and affidavit show that the defendants in the joint information were brought on for trial in the superior court on January 8, 1926; that a jury was

[1]Reported in 243 Pac. 372.

empaneled and sworn to try the case; that the case was tried before the jury, and on January 9, 1926, a verdict was rendered by the jury, finding Dwight Dutcher guilty as charged, and Margaret Tucker not guilty; Evanson and Adams had been dismissed before entering upon the trial, on motion of the state; that when the jury returned into court with their verdict only eleven jurors were present; that the trial judge unlawfully received their verdict from eleven jurors and ordered it filed; that the eleven jurors were then discharged from further consideration of the case; that the twelfth juror was not present at the time the verdict was received and ordered filed; that the state was not represented when the verdict was received; that relator has no complete or adequate remedy by appeal or otherwise than by a writ of *certiorari*, and that only by the issuance of such a writ can the wrong inflicted be redressed.

Apparently the entire proceedings, from the date of filing the information to the time of the return of the jurors into court and the receiving of the verdict, are brought here under the certificate of the clerk of the superior court by copy of minute entries. These minute entries show that, on January 9, the jury retired to consider their verdict at 3:00 p. m., in charge of a sworn bailiff; that they returned into court at 7:45 p. m., with a verdict finding the defendant Dwight Dutcher guilty as charged, and the defendant Margaret Tucker not guilty; that juror Anna Bemis was absent from the jury box when the verdict was returned in open court; that the verdict was received and read in open court and ordered filed. The jury was then excused from further consideration of the cause. It also appears that neither the prosecuting attorney nor his deputy was present in court, or notified, when the verdict was received and ordered filed.

The following also appears from the report of the proceedings made by the official court reporter:

When court convened at 7:30 o'clock, eleven jurors were in the box. The court asked: "Ladies and gentlemen of the jury, where is the other juror? Mr. Bailiff, where is the twelfth juror?" There were then some remarks passed between the court, the bailiff and some of the jurors, and the attorney for the two defendants who were tried was asked what he desired to do. After a conference with one of his clients, Mrs. Tucker, he withdrew as her attorney, with the consent of the court, and she thereupon personally announced that she was willing to take the verdict, whatever it was. No announcement was made by the other defendant or his attorney as to what was desired. The court then stated that he would receive the verdict. The jury were then asked if they had agreed upon a verdict. Upon the foreman answering in the affirmative, the verdict was handed to the court and read as follows:

"We the jury duly empanneled and sworn in the above entitled cause do find the defendant Dwight Dutcher guilty and the defendant Margaret Tucker not guilty.

"Dated this 9th day of January, 1926.
                                    "Matt Keezer,
                                           "Foreman."

The court asked the jury if this was their verdict, and there appears to have been affirmative responses on the part of the jurors. The court then asked the attorney for the defendant if he wished to have the jury polled, and was answered that he did not.

The statute, § 2171, Rem. Comp. Stat., is very clear as to what should have been done.

"When the jury have agreed upon their verdict, they must be conducted into court by the officer having them in charge. Their names must then be called, and

if all appear, their verdict must be rendered in open court; and if all do not appear, the rest must be discharged without giving a verdict and the case must be tried again.''

[1] It is clear from the foregoing statute that the judge erred in receiving and ordering the verdict filed, but it is also as clear that the verdict had been reached by twelve jurors. The jurors and the bailiff, who were questioned by the court, stated that the absent juror, Mrs. Bemis, was present all the time until just before they presented themselves to the court for the announcement of their verdict, and they and the bailiff seemed surprised at her absence. What effect the receiving of the verdict from eleven jurors in the box at the time the verdict was filed would have on the defendant found guilty, we need not now determine. It is true, also, that the state has no appeal, and its only remedy, if any, is by some extraordinary remedy. But, so far as the record, which seems to be complete, shows here, the state made no attempt to have the trial judge take action upon the matter himself. Had the state, upon being informed of the status of the matter, moved the trial court to order the verdict stricken and the cause set for retrial as the law directs, the trial court might have granted such motion. In other words, relator did not exhaust its remedies before the trial court, nor in fact apply there for any remedy.

We therefore conclude that the motion of respondent to quash and dismiss the alternative writ must be granted upon the third ground urged, that the writ was improvidently issued.

Peremptory writ denied.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and MAIN, JJ., concur.